IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | | |
|---|---|---|
| Jean S. Harwood, et al. | : | Case No. 2:05-cv-00828 |
| Plaintiffs, | : | |
| v. | : | Judge Sargus |
| Avaya Corporation, et al. | : | |
| Defendants. | : | |

## OPINION AND ORDER

On August 9, 2005, Jean Harwood, Joyce Henderson, Daryl Robinson, Sarah Shreve, Melinda Gaddy, Kathryn Cavagnaro, Sandra Chapman, Jane Rocha, Sherrie Kendrick, Evelyn Petrus, Michael Prestie, Dianne Salter, and Bonnie Copper filed suit in the Franklin County Court of Common Pleas, Ohio against Avaya Corporation, dba Avaya Labs Research-Ohio,[1] alleging state law claims of unjust enrichment, breach of contract, promissory estoppel, and declaratory relief. Subsequently, on September 7, 2005, Avaya Inc. filed a notice of removal pursuant to 28 U.S.C. §§1332, 1441 and 1446. On September 23, 2005, plaintiffs filed a Motion to Remand arguing that diversity jurisdiction does not exist because Avaya, Inc. is a resident of Ohio. Furthermore, assuming *arguendo* that diversity jurisdiction is established, plaintiffs contend that the Southern District of Ohio is not a proper venue for this case. For the following reasons, the plaintiffs' motion to remand will be denied.

I.

28 U.S.C. §1332(a)(1) states that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is

---

[1] The defendant claims that plaintiffs improperly identified the defendant as "Avaya Corporation, dba Avaya Labs Research-Ohio." According to the defendant, its correct name, as appears on the Ohio Secretary of State foreign license, is "Avaya Inc." Defendant requests this Court to change its name on the docket to reflect its correct name. Accordingly, this Court will refer to the defendant as Avaya Inc. and will order the clerk to change the docket to identify the defendant as such.

between...citizens of different States." For purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." Id. at §1332(c)(1).

Preliminarily, this Court notes that the amount in controversy is not in dispute. The complaint indicates that plaintiffs are seeking damages in the amount of $1,115,701.00. This Court then turns to whether Avaya Inc. resides in Ohio for diversity purposes.

In the instant case, the plaintiffs argue that Avaya Inc. is an Ohio resident because it operates a laboratory in Columbus, Ohio and has a license granted by the Ohio Secretary of State to conduct business in Ohio. Motion to Remand, Exhibits 1 and 2. In response, Avaya Inc. notes that the license granted by the Ohio Secretary of State is a license only *to conduct business* in the State of Ohio. Moreover, Avaya Inc. points out that, according to the license granted by the Ohio Secretary of State, Avaya Inc. is incorporated in the State of Delaware and has its principal place of business in the State of New Jersey. Id. at Exhibit 1.

Merely having an office in a state is not determinative that the State contains a corporation's principal place of business. See, Gafford v. General Electric, 997 F.2d 150, 163 (6th Cir. 1993). From the record before this Court, it appears that Avaya Inc., while conducting business in Ohio, is incorporated in Delaware with its principal place of business in Basking Ridge, New Jersey. Even plaintiffs' exhibits indicate that to be true. Motion to Remand, Exhibits 1 and 2. Finally, the record indicates that no plaintiff is a resident of Delaware or New Jersey. Accordingly, this Court concludes that there is diversity of citizenship jurisdiction because complete diversity exists between the plaintiffs and Avaya, Inc. and the amount in controversy exceeds $75,000.

II.

This Court will now examine whether venue is proper. 28 U.S.C. §1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is

> subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

"For the purposes of venue...a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Id. at §1391(c). This inherently includes any judicial district in a state where a corporate defendant is licensed or doing business. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 28 n.8 (1988); St. Joe Paper Co. v. Mullins Mfg. Corp., 311 F.Supp. 165, 166 (S.D. Ohio 1970)("We have concluded that if a foreign corporate defendant is licensed by a State, as a condition of doing business within it, that corporation is a resident, for venue purposes in all districts within the State....").

According to plaintiffs' Motion to Remand, Avaya, Inc. is licensed to do business in the State of Ohio. Motion to Remand, Exhibit 1. Therefore, the United States District Court, Southern District of Ohio is a proper venue for this case.

### III.

Here, there is complete diversity among all the parties and the amount in controversy exceeds $75,000. Moreover, venue is proper. Accordingly, plaintiffs' motion to remand (doc. #5) is DENIED.

Date: 11-3-2005

_____
Edmund A. Sargus, Jr.
United States District Judge

3