IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEAN S. HARWOOD,
et al.,

    Plaintiffs,

vs.

Case No. C2-05-828
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

AVAYA CORP.,
et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Dismiss Counterclaim as Amended With Respect to Count One filed by Plaintiff, Evelyn Petrus. For the reasons that follow, Plaintiff's Motion is denied with respect to the grounds on which she moves. Avaya Inc.'s amended counterclaims, however, are dismissed without prejudice. The Court will permit Avaya to file a motion for leave to amend its counterclaims, if it so chooses, setting for an independent basis for the exercise of federal subject-matter jurisdiction over its counterclaims against Petrus.

### I.

On May 23, 2001, Plaintiff, Evelyn Petrus ("Petrus"), filed a lawsuit against Lucent Technologies, Inc. ("Lucent"), in the Court of Common Pleas of Summit County, Ohio asserting that Lucent had, among other things, interfered with her rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* On June 21, 2001, Lucent removed the case to the United States District Court for the Northern District of Ohio. On February

23, 2003, the district court entered an order granting Lucent's motion for summary judgment, and entered judgment in favor of Lucent. The court also ordered Petrus to bear the costs of the action. (Amend. Counterclaim, ¶¶ 6-9.)

Following review of Lucent's bill of costs, on July 22, 2003, the district court entered an order taxing costs against Petrus in the amount of two thousand five hundred sixty-six dollars and fifty cents ($2,566.50). (Def.'s Answer, Affirmative Defenses, & Counterclaim., Ex. 1.)[1] The Court stayed payment of those costs pending the outcome of the Petrus's appeal to the United States Court of Appeals for the Sixth Circuit. The court of appeals affirmed the decision of the district court granting Lucent's motion for summary judgment, and entered its mandate including the imposition of additional costs against Petrus in the amount of eighty-five dollars ($85.00). (*Id.* at Ex. 2). Petrus has not paid any of the costs taxed against her in the Lucent lawsuit and appeal. (*Id.* at ¶ 17.)

Pursuant to a Contribution and Distribution Agreement, executed between Lucent and Defendant-herein, Avaya, Inc., Avaya was responsible for and, in fact, defended against the claims brought by Plaintiff Petrus in the previous lawsuit in the Northern District of Ohio. (Amend. Counterclaim, ¶ 7.) Avaya alleges that it has succeeded Lucent in its entitlement to the costs taxed

---

[1] Defendant Avaya attached all of the documents referred to herein to its original Answer and Counterclaim. Each of the documents is a public record appearing in the record of this case or in a related state court action. As matters of public record, the Court may take these documents into account on this Motion to Dismiss without converting it to one for summary judgment by considering matters outside the pleadings. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997))); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990).

against Petrus in the course of defending her claims against Lucent and is rightfully owed the above-identified monies. (Amend. Counterclaim, ¶ 18.)

On August 9, 2005, Petrus along with twelve other Plaintiffs filed the instant lawsuit against Avaya in the Franklin County Court of Common Pleas. Plaintiffs assert state law claims of unjust enrichment, breach of contract and promissory estoppel with respect to allegations that Avaya promised but failed to pay these Plaintiffs retention bonuses in exchange for their agreement to stay as employees following Avaya's purchase of a company called Expanets.[2] Avaya removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).[3] Avaya filed its Answer and Counterclaim with respect to Petrus, seeking recoupment of the $2,654.50 for the previously awarded costs and other relief related to a severance payment in the amount of $8,631.58 to Petrus under the terms of a contract that she allegedly altered without Avaya's consent. Petrus filed a Motion to Dismiss Avaya's claim for recoupment in Count One, arguing that this Court may not enforce another court's order assessing costs under Federal Rule of Civil Procedure 54(d) and that only Lucent, and not Avaya, has a right to pursue this claim.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of

---

[2] According to the Complaint, Expanents previously purchased Lucent in April of 2000. (Compl., ¶ 2.)

[3] The Court denied Plaintiffs' Motion for Remand on November 3, 2005, finding complete diversity of citizenship among the parties.

his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also McClain v. Real Estate Bd. of Hew Orleans, Inc.*, 444 U.S. 232 (1980). The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshal*, 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.

Plaintiff Petrus characterizes Avaya's cause of action for recoupment as one sounding in and limited to contribution. Specifically, Petrus contends that Count One of the amended counterclaim, although labeled as one for recoupment, speaks only to the remedy of contribution and is instead a disguised claim between Avaya and Lucent. According to Petrus, to obtain the remedy of contribution, two or more separate party-defendants must be joined in the same case and found jointly or severally liable for a judgment. Because Avaya did not enter an appearance or become a defendant in the Lucent case, Petrus argues it was not found jointly or severally liable with Lucent in the judgment or the order on costs. Petrus contends that the claim to the costs belongs with

Lucent, and that the cause of action Avaya seeks to assert lies against Lucent, not her.

On this matter, the Court notes for purposes of this Motion to Dismiss that all well-pleaded allegations must be taken as true and be construed most favorably toward Avaya. *Schuer*, 416 U.S. at 236. Avaya has pleaded that it has a Contribution and Distribution Agreement with Lucent Technologies, and that under the Agreement, Avaya was responsible for and did, in fact, defend the lawsuit Petrus brought against Lucent. (Amend. Counterclaim, ¶ 18.) Avaya has pleaded that it is "rightfully owed" the monies taxed to Petrus by the district court for the Northern District of Ohio. Issues such as whether and to what extent Avaya received an ownership interest in Lucent's right to the costs assessed against Petrus, and whether either Lucent or Avaya reduced the district court's order to an enforceable judgment, are matters for discovery. At this point, Avaya has sufficiently alleged that it is the rightful owner of the amounts due and owing from Petrus to Lucent.

This determination, however, does not end the inquiry. Under Rule 13(b) of the Federal Rules of Civil Procedure, a party may bring "as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13(b) allows the parties to assert claims that may otherwise be the subject of independent actions. While a federal court has supplemental jurisdiction over a compulsory counterclaim which arises from the same transaction or occurrence as the opposing party's claim, Avaya asserts a permissive counterclaim under Federal Rule of Civil Procedure 13(b) against Petrus.[4]

---

[4] The Court presumes that Avaya intended to assert a permissive, as opposed to a compulsory counterclaim against Petrus because Avaya does not contend that Petrus's present claims against Avaya relate to her previous litigation with Lucent or that its counterclaims are related the main transaction of Plaintiffs' Complaint. Further, Avaya clarified in its opposition to Plaintiff's Motion to Dismiss that it is asserting a permissive counterclaim under Rule 13(b). (Avaya's Mem. in Opp., at p. 6.) Avaya's claim of recoupment, however, suggests otherwise, as recoupment usually requires that the damages to be recouped grow out of the same contract or transaction that is the foundation of the

The Court, therefore, must have an independent basis to exercise subject matter jurisdiction over Avaya's permissive counterclaims. *See Steward v. Dollar Fed. Sav. & Loan Ass'n*, 523 F. Supp. 218, 224 (S.D. Ohio 1981)(citing Fed.R.Civ.P. 13(b) and *City of Cleveland v. Cleveland Electric Illuminating Co.*, 570 F.2d 123, 126-27 (6th Cir.1978)); *see also* 14B, Wright & Miller, *Federal Practice and Procedure* 3d, § 3706; *but see Jones v. Ford Motor Credit Co.*, 358 F.3d 205 (2d Cir. 2004)(adopting view that 28 U.S.C. § 1367 displaced validity of earlier view that permissive counterclaim requires independent basis for assertion of jurisdiction). Although neither of the parties has raised the issue, the Court has an obligation to inquire into its subject matter jurisdiction over Avaya's counterclaim. *See Clark v. Paul Gray, Inc.*, 306 U.S. 583, 588 (1939) (holding that although district court's jurisdiction had not been challenged, Court had duty to raise question of whether jurisdictional amount was involved). Thus, the Court must examine the counterclaim to determine whether it raises a federal question or involves diversity of citizenship and the required jurisdictional amount.

Here, Avaya's state-law counterclaims against Petrus are before the Court on the basis of diversity of citizenship and "pursuant to Rule 13 of the Federal Rules of Procedure." (Amend. Counterclaim, ¶¶ 4 & 5.) The Court has already determined that there is complete diversity of citizenship between all Plaintiffs, including Petrus, and Defendant Avaya. (Opinion & Order, Nov. 3, 2005, Doc. # 11.) Plaintiffs' original claims against Avaya exceed the $75,000 jurisdictional threshold of 28 U.S.C. § 1332. The stated combined value of all of Avaya's permissive

---

plaintiff's cause of action, or that the damages to be recouped are connected with the subject of the action. *See, e.g., National City Bank, Northwest v. Columbian Mut. Life Ins. Co.*, 282 F.2d 407, 409 (6th Cir. 2002). The Court will permit Avaya to address these issues in its forthcoming motion for leave to amend its counterclaims.

counterclaims for recoupment, unjust enrichment and breach of contract, however, is $11,283.08. This amount in controversy, as stated in Avaya's amended counterclaims, falls well below the jurisdictional threshold of $75,000.

Further complicating the issue is the fact that it is not clear whether Avaya's recoupment claim should be viewed as a defense or counterclaim. *See* Wright & Miller, *Federal Practice and Procedure* § 1275 ("Inasmuch as it is not clear whether set-offs and recoupments should be viewed as defenses or counterclaims, the court, by invoking the misdesignation provision in Rule 8(c), should treat matter of this type as if it had been properly designated by defendant, and should not penalize improper labeling"); *see also Reiter v. Cooper*, 507 U.S. 258 (1993)(same). Although permissive counterclaims under Rule 13(b) must be supported by independent grounds of federal subject-matter jurisdiction, support can be found in the cases for an exception to this rule when a permissive counterclaim in the nature of a set-off is asserted. *United States v. Heyward-Robinson Co.*, 430 F.2d 1077, 1088 (2d Cir.1970). When a permissive counterclaim is in the nature of a set-off interposed merely to defeat or to reduce the opposing party's claim and does not seek affirmative relief, some courts have found that no independent jurisdictional grounds are required. *Id.* at n.1.

Given these circumstances, the Court concludes that Avaya's permissive counterclaims asserted on the basis of diversity of citizenship do not involve the requisite amount in controversy. Avaya's counterclaims are therefore **DISMISSED, WITHOUT PREJUDICE,** because they do not independently satisfy the statutory limitation on federal jurisdiction set forth in the $75,000 requirement of 28 U.S.C. § 1332. Avaya, however, may file a motion for leave to amend its counterclaims, if it so chooses. Avaya's motion for leave shall address whether its recoupment claim

is a misdesignated affirmative defense, whether its amended counterclaims, as presented therewith, must satisfy the amount in controversy requirement of 28 U.S.C. § 1332, and, if not, whether this Court has subject matter jurisdiction to proceed on its claim.

### IV.

For the foregoing reasons, Plaintiff's Motion to Dismiss Count One of Defendant's Amended Counterclaims (Doc. #14) is **DENIED**, but Avaya's Counterclaims are nonetheless **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[5] Avaya may file its Motion for Leave within fourteen (14) days of the date of this Opinion and Order.[6]

**IT IS SO ORDERED.**

9-5-2006
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Plaintiff's original Motion to Dismiss, filed September 23, 2005 (Doc. #6), is **MOOT** in light of Defendant's Amended Counterclaims and Plaintiff's subsequent Motion to Dismiss.

[6] The Court notes that Avaya's prayer for relief in its Counterclaim refers to a request for a limited stay. In particular, Avaya seeks "an Order staying the above-captioned proceedings with regards to Plaintiff Evelyn Petrus until such time as all costs previously taxed against her have been paid to Avaya Inc." As Avaya has not moved for a stay and its reference to one in its prayer for relief is not akin to a motion, and, given the disposition of this matter in this Opinion and Order, the Court declines to address the merits of imposing one at this juncture. The Court agrees with Plaintiff, however, that Avaya has provided no legal basis upon which this Court would stay these proceedings given the company's institution of the counterclaim to recoup the costs at issue.