```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION


Jean S. Harwood, et al.,         :

          Plaintiffs,            :

     v.                          :    Case No. 2:05-cv-0828

Avaya Corporation, et al.,       :    JUDGE SARGUS
                                      MAGISTRATE JUDGE KEMP
          Defendants.            :
```

ORDER

This case is before the Court to consider plaintiffs' motion for a 45-day extension of the discovery cut-off date.  Responsive and reply memoranda have been filed, and the motion is now ripe for decision.  For the following reasons, the motion will be granted.

Pursuant to prior orders of this Court, and without objection from either party, the discovery cut-off in this case was ultimately established as December 15, 2006.  On December 8, 2006, plaintiffs took the deposition of representatives of defendant Avaya Corporation.  They argue that, because additional information was revealed for the first time in the deposition which led to the propounding of additional written discovery requests, the Court ought to grant them another 45 days within which to conduct and complete discovery.  Avaya, on the other hand, contends that plaintiffs were less than diligent in arranging for these depositions, that they should have anticipated the date for additional discovery prior to December 15, 2006, and that they have failed to show good cause for the extension which is requested.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order

that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," <u>Rouse v. Farmers State Bank</u>, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." <u>Id</u>. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." <u>Deghand v. Wal-Mart Stores</u>, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Dilmer Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. <u>Inge v. Rock Financial Corp.</u>, 281 F.3d 613 (6th Cir. 2002).  It is with these standards in mind that the instant motion will be decided.

Here, there is no dispute that Avaya's corporate representatives were not produced for deposition until December 8, 2006, only one week before the scheduled discovery cut-off date.  The question which the parties have briefed is whether the

late scheduling of this deposition is attributable to the plaintiffs' delays in taking the deposition, in which case there might not be good cause for extending the discovery cut-off, or whether plaintiffs exercised due diligence in attempting to schedule the deposition prior to that date but were unable to do so.

After reviewing the documents submitted by the parties, the Court concludes that the latter scenario is closer to the truth than the former.  The depositions in question were scheduled at least once before, on October 31, 2006.  When it turned out that they could not be conducted on that date, the discovery cut-off was extended for 45 days.  Plaintiffs then attempted to reschedule the depositions very shortly after October 31, 2006, but, at the same time, did not do so unilaterally.  Rather, they attempted to work with the schedule of the witnesses and Avaya's counsel in an effort to come up with a satisfactory date.  Consequently, rather than taking the depositions shortly after October 31, 2006, they did not take them until December 8, 2006.  The Court does not find that either party was at fault in causing the delay, but also finds that the plaintiffs were diligent in attempting to schedule the depositions prior to that date.

Plaintiffs' written discovery requests were propounded shortly after the deposition and address areas of information which were not completely covered at the deposition.  Although there is some merit in Avaya's suggestion that plaintiffs should have been aware, prior to the depositions, that certain subject matters were outside the knowledge of both the representatives produced and any Avaya representatives, it also appears that plaintiffs did not act unreasonably in propounding additional written discovery following the completion of the depositions.  Consequently, taking all these factors in to account, the Court concludes that good cause exists to extend the discovery cut-off

date for 45 days.  Such an extension will permit Avaya to make responses to the written discovery propounded.  Based upon the parties' filings, the Court does not believe that additional discovery beyond that written discovery is appropriate.

The Court notes that Avaya has filed a motion for summary judgment.  It may be that the responses to plaintiffs' written discovery will have some impact on plaintiffs' ability to file a response to the motion for summary judgment by the due date, which is February 8, 2007.  If a short extension of the response time is required, the parties are encouraged to work cooperatively to agree to a reasonable extension.

Based upon the foregoing, plaintiffs' motion to extend the discovery cut-off date (#38) is granted.  All discovery shall be complete by January 31, 2007.  Defendants shall respond to any outstanding written discovery on or before that date.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge