IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEAN S. HARWOOD,
    et al.,

        Plaintiffs,

vs.

        Case No. C2-05-828
        Judge Edmund A. Sargus, Jr.
        Magistrate Judge Terence P. Kemp

AVAYA CORP.,

        Defendant.

### ORDER

This matter is before the Court for consideration of the Motion *in Limine* filed by Defendant, Avaya Inc. Defendant moves to strike Plaintiffs' demand for punitive damages, to preclude evidence with respect to such claim, and to deny Plaintiffs' request for a punitive damages jury instruction.

Plaintiffs filed their Complaint alleging: (1) breach of contract, (2) promissory estoppel, and (3) unjust enrichment. Following disposition of Defendant's Motion for Summary Judgment, Plaintiffs' remaining claim is one for breach of a unilateral contract. Plaintiffs' claim is one that sounds exclusively in contract law. Plaintiffs do not, and have never, asserted a tort claim against Defendant Avaya. Defendant, therefore, contends that Plaintiffs' cause of action for breach of contract fails to support any basis upon which punitive damages could be awarded under Ohio law.[1]

Under Ohio law, a plaintiff generally may not recover punitive damages for a breach of contract. "Because the sole purpose of contract damages is to compensate the nonbreaching party for losses suffered as a result of a breach, '[p]unitive damages are not recoverable for a breach of

---

[1] Plaintiffs have not opposed Defendant's Motion *in Limine*.

contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.'" *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 613 N.E.2d 183, 187 (Ohio 1993) (quoting Restatement (Second) of Contracts § 355 (1981)). "'Punishment of a promisor for having broken his promise has no justification on either economic or other grounds and a term providing such a penalty is unenforceable on grounds of public policy.'" *Id.* (citation omitted); *In re: Graham Square, Inc.*, 126 F.3d 823, 828 (6th Cir. 1997)(construing Ohio law); *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 522 (S.D. Ohio 1995); *DeCastro v. Wellston City School Dist. Board of Educ.*, 94 Ohio St.3d 197, 201, 761 N.E.2d 612, 616-617 (Ohio 2002). Exemplary damages may be recoverable for a tort committed in connection with, but independently of, the breach of contract. *DeCastro,* 94 Ohio St. 3d at 201.

Plaintiffs, however, have not asserted, and the Court can detect no basis to find this exception to this rule because they have not alleged that "the breach of contract [was] accompanied by a connected, but independent tort involving fraud, malice or oppression." *Goldfarb v. The Robb Report, Inc.*, 101 Ohio App. 3d 134, 140, 655 N.E.2d 211, 215 (Ohio Ct. App. 10th Dist. 1995). Plaintiffs do not allege that Avaya committed a related tort independent of the breach of contract or that the company acted fraudulently, maliciously or oppressively toward them.

In this case, Plaintiffs do not assert that Avaya committed a tort. Their claim relates entirely to an alleged breach of contract. As such, they cannot recover punitive damages on their breach of contract claim. Accordingly, the Court **GRANTS** Defendant's request to strike Plaintiffs' request for punitive damages. All evidence of punitive damages at trial will be **EXCLUDED**; Plaintiffs' request for a punitive damages jury instruction is **DENIED**.

IT IS SO ORDERED.

_____5-31-2007_____  
**DATED**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**